IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT; and HILL-ROM COMPANY, INC., | § § § § § | |
|---|---|---|
| Plaintiffs, | § § | CIVIL ACTION FILE |
| vs. | § § § | NO. 4:17-CV-00066-HLM |
| DEVIN ROSS PASCHAL; DAVID SCOTT; and FAF, INC.; and TIFFANY PIERCE, | § § § § | |
| Defendants. | § § | |

## DEFENDANT TIFFANY PIERCE, SR.'S ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW **TIFFANY PIERCE, SR.**, a Defendant in the above-styled Civil Action, and hereby files his Answer and Defenses to Plaintiffs' Complaint for Declaratory Judgment ("Plaintiffs' Complaint"), showing the Court as follows:

### FIRST DEFENSE

As a First Defense, this Defendant answers the numbered paragraphs of Plaintiffs' Complaint as follows:

## PARTIES

1.

Defendant can neither admit nor deny the allegations contained in Paragraph 1 of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiffs upon strict proof of same.

2.

Defendant can neither admit nor deny the allegations contained in Paragraph 2 of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiffs upon strict proof of same.

3.

This Defendant denies that he is asserting any liability claims against Devon Ross Paschal. Defendant can neither admit nor deny the remaining allegations contained in Paragraph 3 of Plaintiffs' Complaint.

4.

Defendant can neither admit nor deny the allegations contained in Paragraph 4 of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiffs upon strict proof of same.

{Firm/201/01962/PLEADING/01583741.DOC }

5.

Defendant can neither admit nor deny the allegations contained in Paragraph 5 of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiffs upon strict proof of same.

6.

Defendant denies that he resides at 2324 Loowit Falls Drive, Braselton (Jackson County), Georgia 30517. Defendant admits the remaining allegations contained in Paragraph 6 of Plaintiffs' Complaint.

## JURISDICTION

7.

Defendant can neither admit nor deny the allegations contained in Paragraph 7 of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiffs upon strict proof of same.

8.

Defendant can neither admit nor deny the allegations contained in Paragraph 8 of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiffs upon strict proof of same.

{Firm/201/01962/PLEADING/01583741.DOC }

9.

Defendant can neither admit nor deny the allegations contained in Paragraph 9 of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiffs upon strict proof of same.

10.

Defendant can neither admit nor deny the allegations contained in Paragraph 10 of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiffs upon strict proof of same.

11.

Defendant can neither admit nor deny the allegations contained in Paragraph 11 of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiffs upon strict proof of same.

12.

Defendant can neither admit nor deny the allegations contained in Paragraph 12 of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiffs upon strict proof of same.

{Firm/201/01962/PLEADING/01583741.DOC }

## JULY 1, 2016 MOTOR VEHICLE ACCIDENT

13.

Defendant admits the allegations contained in Paragraph 13 of Plaintiffs' Complaint.

14.

Defendant can neither admit nor deny the allegations contained in Paragraph 14 of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiffs upon strict proof of same.

15.

Defendant can neither admit nor deny the allegations contained in Paragraph 15 of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiffs upon strict proof of same.

16.

Defendant can neither admit nor deny the allegations contained in Paragraph 16 of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiffs upon strict proof of same.

{Firm/201/01962/PLEADING/01583741.DOC }

17.

Defendant can neither admit nor deny the allegations contained in Paragraph 17 of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiffs upon strict proof of same.

18.

Defendant can neither admit nor deny the allegations contained in Paragraph 18 of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiffs upon strict proof of same.

19.

Defendant can neither admit nor deny the allegations contained in Paragraph 19 of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiffs upon strict proof of same.

20.

Defendant can neither admit nor deny the allegations contained in Paragraph 20 of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiffs upon strict proof of same.

21.

Defendant admits the allegations contained in Paragraph 21 of Plaintiffs' Complaint.

## **LIABILITY CLAIMS RESULTING FROM THE ACCIDENT**

22.

Defendant can neither admit nor deny the allegations contained in Paragraph 22 of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiffs upon strict proof of same.

23.

Defendant can neither admit nor deny the allegations contained in Paragraph 23 of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiffs upon strict proof of same.

24.

Defendant can neither admit nor deny the allegations contained in Paragraph 24 of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiffs upon strict proof of same.

25.

Defendant can neither admit nor deny the allegations contained in Paragraph 25 of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiffs upon strict proof of same.

{Firm/201/01962/PLEADING/01583741.DOC }

26.

Defendant admits the allegations contained in Paragraph 26 of Plaintiffs' Complaint.

27.

Defendant can neither admit nor deny the allegations contained in Paragraph 27 of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiffs upon strict proof of same.

**INSURANCE POLICY PROVISIONS**

28.

Defendant can neither admit nor deny the allegations contained in Paragraph 28 of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiffs upon strict proof of same.

29.

Defendant can neither admit nor deny the allegations contained in Paragraph 29 of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiffs upon strict proof of same.

30.

Defendant can neither admit nor deny the allegations contained in Paragraph 30 of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiffs upon strict proof of same.

31.

Defendant can neither admit nor deny the allegations contained in Paragraph 31 of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiffs upon strict proof of same.

32.

Defendant can neither admit nor deny the allegations contained in Paragraph 32 of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiffs upon strict proof of same.

33.

Defendant can neither admit nor deny the allegations contained in Paragraph 33 of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiffs upon strict proof of same.

## **ADDITIONAL ALLEGATIONS**

34.

Defendant can neither admit nor deny the allegations contained in Paragraph 34 of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiffs upon strict proof of same.

35.

Defendant can neither admit nor deny the allegations contained in Paragraph 35 of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiffs upon strict proof of same.

36.

Defendant can neither admit nor deny the allegations contained in Paragraph 36 of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiffs upon strict proof of same.

37.

Defendant can neither admit nor deny the allegations contained in Paragraph 37 of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiffs upon strict proof of same.

{Firm/201/01962/PLEADING/01583741.DOC }

38.

Defendant can neither admit nor deny the allegations contained in Paragraph 38 of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiffs upon strict proof of same.

39.

Defendant can neither admit nor deny the allegations contained in Paragraph 39 of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiffs upon strict proof of same.

40.

Defendant can neither admit nor deny the allegations contained in Paragraph 40 of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiffs upon strict proof of same.

41.

Defendant can neither admit nor deny the allegations contained in Paragraph 41 of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiffs upon strict proof of same.

# RELIEF SOUGHT

42.

Defendant can neither admit nor deny the allegations contained in Paragraph 42 of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiffs upon strict proof of same.

43.

Defendant can neither admit nor deny the allegations contained in Paragraph 43 of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiffs upon strict proof of same.

44.

Defendant can neither admit nor deny the allegations contained in Paragraph 44 of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiffs upon strict proof of same.

45.

Defendant can neither admit nor deny whether the Plaintiffs are entitled to the relief requested in Paragraph 45 of Plaintiffs' Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiffs upon strict proof of same.

{Firm/201/01962/PLEADING/01583741.DOC }

46.

Defendant denies all remaining allegations contained in Plaintiffs' Complaint not specifically addressed herein.

WHEREFORE, having fully answered, Defendant Tiffany Pierce, Sr. prays that he be discharged from this action without costs.

**TRIAL BY JURY OF TWELVE JURORS IS DEMANDED.**

This 27th day of April, 2017.

                                  **CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

                                  **J. ROBB CRUSER**
                                  Georgia Bar No. 199480
                                  **CRAIG P. TERRETT**
                                  Georgia Bar No. 702410
                                  *Attorneys for Defendant Teffany Pierce, Sr.*

Meridian II, Suite 2000
275 Scientific Drive
Norcross, GA 30092
(404) 881-2622
(404) 881-2630 – fax
rcruser@cmlawfirm.com
cterrett@cmlawfirm.com

**LOCAL RULE CERTIFICATION**

Counsel hereby certifies that this pleading was prepared with one of the font and point selections approved by the Court in LR 5.1C. Specifically, Times New Roman was used in 14 point.

# CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed **DEFENDANT TIFFANY PIERCE, SR.'S ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

D. LEE CLAYTON, ESQ.
JONATHAN J. KANDEL, ESQ.
SWIFT, CURRIE, MCGHEE & HIERS, LLP
The Peachtree, Ste. 300
1355 Peachtree Street, NE
Atlanta, GA 30309-3231
Lee.Clayton@SwiftCurrie.com
Jonathan.Kandal@SwiftCurrie.com
*Counsel for Plaintiffs*

This 27th day of April, 2017.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**J. ROBB CRUSER**
Georgia Bar No. 199480
**CRAIG P. TERRETT**
Georgia Bar No. 702410
*Attorneys for Defendant Teffany Pierce, Sr.*

Meridian II, Suite 2000
275 Scientific Drive
Norcross, GA 30092
(404) 881-2622
(404) 881-2630 – fax
rcruser@cmlawfirm.com
cterrett@cmlawfirm.com

{Firm/201/01962/PLEADING/01583741.DOC }