IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

THE TRAVELERS INDEMNITY
COMPANY OF CONNECTICUT, et al.,

      Plaintiffs,

v.                                        CIVIL ACTION FILE NO.:
                                          4:17-CV-0066-HLM

DEVIN ROSS PASCHAL, et al.,

      Defendants.

## ORDER

This case is before the Court on the Motion to Set Aside Default filed by Defendant David Scott. ("Defendant Scott") [18].

## I.    Background

On April 3, 2017, Plaintiffs filed this lawsuit. (Compl. (Docket Entry No. 1).)  Plaintiffs filed a return of service

indicating that they served Defendant Scott with process on April 25, 2017, making Defendant Scott's Answer due on May 16, 2017. (Return of Service FAF (Docket Entry No. 6).) Defendant Scott did not file an Answer by May 16, 2017. (See generally Docket.)

On May 188, 2017, Plaintiffs filed a Motion for Clerk's Entry of Default as to Defendant Scott. (Mot. Clerk's Entry Default Scott (Docket Entry No. 15).) On that same day, the Clerk entered a default as to Defendant Scott. (Unnumbered Docket Entry Dated May 18, 2017.)

On May 31, 2017, Defendant Scott filed a Motion to Set Aside Default. (Scott Mot. Set Aside Default (Docket Entry No. 18).) Plaintiffs filed a response opposing that Motion. (Resp. Opp. Scott Mot. Set Aside Default (Docket Entry No.

AO 72A

(Rev.8/8

26).)  The time period in which Defendant Scott could file a reply in support of his Motion has expired,[1] and the Court finds that the matter is ripe for resolution.

## II.   Discussion

Federal Rule of Civil Procedure 55(c) provides: "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Fed. R. Civ. P. 55(c).  When evaluating a motion to set aside an entry of default, a court must consider whether the defendant has demonstrated "good cause" under Rule 55(c).  Rule 55(c)'s "good cause" requirement establishes a lower threshold to obtain relief from the entry of default

---

[1]The three-day extension for mailing no longer applies to documents served via electronic means.  N.D. Ga. R. App'x H.

AO 72A

(Rev.8/8

than that required under Federal Rule of Civil Procedure 60(b) to set aside a default judgment.  E.E.O.C. v. Mike Smith Pontiac GMC, Inc., 896 F.2d 524, 528 (11th Cir. 1990); Jones v. Harrell, 858 F.2d 667, 669 (11th Cir. 1988).

Whether a defendant has demonstrated "good cause" to obtain relief from an entry of default depends on the circumstances and is "not susceptible to a precise formula." Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996). Courts, however, often consider factors such as whether the defaulting party presented a meritorious defense, whether the defaulting party acted promptly to correct the default, whether the defaulting party displayed a reckless disregard for judicial proceedings, or whether setting aside the default

4

would prejudice the opposing party. <u>Id.</u> Those considerations are not exclusive; instead, courts are free to examine other useful factors to identify circumstances that may warrant a finding of "good cause." <u>Id.</u> The determination whether a defaulting party has established "good cause" to set aside an entry of default is committed to the discretion of the district court. <u>Robinson v. United States</u>, 734 F.2d 735, 739 (11th Cir. 1984).

The Court first examines whether Defendant Scott has presented a meritorious defense. At this point, the Court is concerned solely with a demonstration of good cause, rather than with the ultimate merits of Defendant FAF's arguments. <u>Cf.</u> <u>Fla. Physician's Ins. Co. v. Ehlers</u>, 8 F.3d 780, 783 (11th Cir. 1993) (noting that, to set aside a default

5

judgment under Rule 60(b), a defaulting party must show that it had a meritorious defense that might have affected the outcome).    At this point, and despite Plaintiffs' arguments to the contrary, the Court finds that Defendant Scott has a meritorious defense for purposes of determining whether "good cause" exists to set aside the Clerk's entry of default.

The Court next determines whether Defendant Scott acted promptly to remedy the default.    Defendant Scott states that, due to his counsel's involvement with a jury trial in another case, his counsel failed to file an Answer before Plaintiffs moved for an entry of default. Defendant Scott moved to reopen the case approximately thirteen days after

6

the Clerk entered a default.[2]  Under those circumstances,

the Court finds that Defendant Scott has acted promptly to

remedy the default.[3]

---

[2]Defendant Scott, through counsel, filed a response to the Motion for Clerk's Entry of Default and an Answer after the Clerk had entered a default.  (Resp. Mot. Clerk's Entry Default (Docket Entry No. 16); Def. Scott's Answer (Docket Entry No. 15).)  Those filings had no effect because the Clerk had already entered a default against Defendant Scott; however, the filings indicate that Defendant Scott was not simply ignoring this action.

[3]The Court is not impressed with Plaintiffs' arguments that the Court should not set aside the default because Defendant Scott's counsel purportedly agreed to accept service on April 11, 2016, and had access to the documents and notice of the lawsuit since that date.  First, it appears that any purported agreement to accept service was the result of a miscommunication or misunderstanding. There is no formal signed acknowledgment in the record indicating that Defendant Scott's counsel agreed to accept service.  Second, the Court cannot determine from the communications presented by Plaintiffs that the refusal to accept service was the result of "gamesmanship" by Defendant Scott's counsel.  Third, notice of a lawsuit is not the equivalent of, and is not a substitute for, proper service.

The Court also cannot determine that Defendant Scott has displayed a reckless disregard for judicial proceedings. On the contrary, Defendant Scott acted promptly to remedy the default. Nothing indicates that Defendant Scott purposely ignored this action or sought to avoid his obligations to answer the Complaint.[4] Defendant Scott thus has not shown a reckless disregard for judicial proceedings.

Finally, the Court determines that setting aside the default will not, in and of itself, prejudice Plaintiffs. As noted above, any delay by Defendant Scott was not lengthy. Discovery has not yet begun in earnest in the case. The Court cannot find that requiring Plaintiffs to resolve this

---

[4]As previously noted, Defendant Scott's counsel filed a response to the Motion for Clerk's Entry of Default and a purported Answer on behalf of Defendant Scott after the Clerk had already entered a default.

8

matter on its merits, rather than on a technicality, will significantly prejudice Plaintiffs. The Court also is unimpressed with Plaintiffs' contentions that they are suffering undue prejudice because they must incur costs to litigate this case and to defend Defendant Paschal in the underlying liability lawsuit, which the Court refused to stay. Notably, Plaintiffs can seek a prompt resolution of this lawsuit even if the Court sets aside the default of Defendant Scott.

In sum, the Court finds that good cause exists for setting aside the Clerk's entry of default in this case. The Court therefore grants Defendant Scott's Motion to Set Aside Default.

AO 72A

(Rev.8/8
2)

## III.   Conclusion

ACCORDINGLY, the Court **GRANTS** Defendant Scott's Motion to Set Aside Default [18].   The Court **DIRECTS** the Clerk to **SET ASIDE** the entry of default as to Defendant Scott in this action, and **ORDERS** Defendant Scott to file his Answer [18-4] **WITHIN FOURTEEN (14) DAYS AFTER THE DATE OF THIS ORDER.**

IT IS SO ORDERED, this the 26 day of June, 2017.

_____

SENIOR UNITED STATES DISTRICT JUDGE

10